UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 OCT 15 A 10: 27

MISAEL CORDERO,

(Enter above the full name of the Plaintiff in this action)

COMPLAINT

- vs -

Civil Action No. ______________

(To be supplied by the Clerk of the Court)

RHONDA MOUNTCASTLE-THOMAS

and CINDY SWEENEY.

(Enter above full name of the Defendant(s) in this action)

INSTRUCTIONS – READ CAREFULLY

1. This complaint must be legibly handwritten or typewritten, signed by the Plaintiff and subscribed to under penalty of perjury as being true and correct. All questions must be answered concisely in the proper space on the form. Where more space is needed to answer any questions, attach a separate sheet.

2. In accordance with Rule 8 of the *Federal Rules of Civil Procedure*, the complaint should contain (a) a short and plain statement of the grounds upon which the court's jurisdiction depends; (b) a short plain statement of the claim showing that you are entitled to relief; and (c) a demand for judgment for the relief which you seek.

3. You must provide the full name of *each* Defendant or Defendants and where they can be found.

4. You must send the original and one copy of the complaint to the Clerk of the District court. You must also send one additional copy of the complaint *for each Defendant* to the Clerk. Do not send the complaint directly to the Defendants.

5. Upon receipt of a fee of $400.00 (*as of* ***May 1, 2013***), your complaint will be filed. You will be responsible for service of a separate summons and copy of the complaint on each Defendant. See Rule 4, *Federal Rules of Civil Procedure*.

*NOTE:* If you cannot prepay the $350.00 filing fee, you may request permission to proceed *in forma pauperis* in accordance with the procedures set forth below. (If there is more than one Plaintiff, *each Plaintiff* must separately request permission to proceed *in forma pauperis*).

The Prisoner Litigation Reform Act of 1996 ("PLRA"), effective April 26, 1996, has made significant changes to the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute no longer provides for waiver of court filing fees for prisoners who are granted leave to proceed *in forma pauperis*. A prisoner who is granted leave to proceed *in forma pauperis* is not required to pay the filing fees in advance, but the prisoner is obligated to pay the entire filing fee in installment payments regardless of the outcome of the proceeding. This obligation to pay the filing fee continues even if the prisoner is transferred to another prison. Therefore, before submitting this application to the Clerk of the Court, a prisoner should consider carefully whether he or she wishes to go forward with the action.

The PLRA obligates prisoners who are granted *in forma pauperis* status to pay the entire filing fee in the following manner, regardless of the outcome of the litigation. See 28 U.S.C. § 1915(b) (1) and (2). The agency having custody over the prisoner shall deduct from the prisoner's institutional account and forward to the Clerk of the Court (1) an initial partial filing fee equal to 20% of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint; and (2) payments equal to 20% of the preceding month's income credited to the prisoner's institutional account each month the amount in the account exceeds $10.00, until the $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(1) and (2). However, a prisoner without assets or any means in which to pay the initial partial filing fee will not be prohibited from bringing a civil action. *See* 28 U.S.C. § 1915(b)(4)..

6. Each prisoner Plaintiff who desires to proceed *in forma pauperis* must submit the following to the Clerk of the Court:

a. A completed, signed, and dated application to proceed *in forma pauperis* (attached hereto); and

b. A certified copy of your prison account statement for the 6-month period immediately preceding submission of this application, listing the account balance and all deposits into the account. A prison account statement must be obtained from the appropriate official of each prison at which you are or were confined during the preceding 6 months.

7. If your application to proceed *in forma pauperis* does not conform to these instructions, you will be notified by letter of the nature of the deficiencies. If these deficiencies are not cured within 120 days of the date of the letter, the complaint will be deemed withdrawn, the Clerk's file will be closed, and no fees will be assessed against you.

8. If you are given permission to proceed *in forma pauperis*, the Clerk will prepare and issue a copy of the Summons for each Defendant. The copies of Summonses and the copies of the complaint, which you have submitted, will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The U.S. Marshal has U.S.M.-285 forms you must complete so that the Marshal can locate and serve each Defendant. If the forms are sent to you, you must complete them *in full* and return the forms to the U.S. Marshal.

QUESTIONS TO BE ANSWERED

1. Jurisdiction is asserted pursuant to (*CHECK ONE*):

_X_ 42 U.S.C. § 1983 (*applies to State prisoners*)

____ *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (*applies to federal prisoners*)

If you want to assert jurisdiction under different or additional statutes, list them below:

______________________________

2. Previously Dismissed Federal Civil Actions or Appeals:

If you are proceeding *in forma pauperis*, list each action or appeal you have brought in federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied *in forma pauperis* status unless that prisoner is under imminent danger or serious physical injury. 28 U.S.C. § 1915(g).

a. Parties to previous lawsuit:

Plaintiff(s): ______________________________

______________________________

Defendant(s): ______________________________

______________________________

b. Court and Docket Number: ______________________________

c. Grounds for dismissal: ( ) Frivolous; ( ) Malicious; ( ) Failure to state a claim upon which relief may be granted.

d. Approximate date of filing lawsuit: ______________________________

e. Approximate date of disposition: ______________________________

3. Place of Present Confinement: EAST JERSEY STATE PRISON

4. Parties: (In Item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs if any).

a. Name of Plaintiff: Misael Cordero

Address: East Jersey State Prison

Lock Bag R, Rahway NJ 07065

Inmate Number: 257533 SBI#551325 B

b. First Defendant's Name: Rhonda Mountcastle-Thomas

Official Position: Sergeant

Place of Employment: East Jersey State Prison

How is this person involved in the case (*i.e.*, what are you alleging that this person did or did not do that violated your constitutional rights)?

**SEE STATEMENT OF CLAIMS ATTACHED**

c. Second Defendant's Name: Cindy Sweeney

Official Position: Assistant Administrator

Place of Employment: East Jersey State Prison

How is this person involved in the case (*i.e.*, what are you alleging that this person did or did not do that violated your constitutional rights)?

**SEE STATEMENT OF CLAIMS ATTACHED**

d. If there are more than two defendants, attach a separate sheet. For each defendant, specify: (1) Name; (2) Official Position; (3) Place of Employment; (4) Involvement in this case.

5. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims (para. 6 below).

[X] Yes [ ] No

If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

Filed appeal with exhibits which was ignored. Filed electronic inquiries to no avail. Filed grievance that was denied. Grievance appeal denied. Letter ignored.

If your answer is "No," briefly explain why administrative remedies were not exhausted.

6. Statement of Claims:

State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.

See Attached Pages

Defendants are sued in their individual and official capacities.

**Statement of Claims**
**(Attachments)**

1. The New Jersey Department of Corrections ("NJDOC") as well as all administrative staffs, security staffs, medical staffs, chaplaincy staffs and education staffs of all state prisons of this State have knowledge of the abuses and constitutional violations that inmates, including the Plaintiff, are subjected to daily. These abuses and constitutional violations are committed by the majority of these staffs' members either directly or by being deliberate indifferent.

2. Plaintiff is a jailhouse lawyer serving a life sentence who has dedicated his incarcerated life to fight the abuses, violations and injustices perpetrated by NJDOC staffs against him and other inmates. As a result, Plaintiff has suffered many forms of retaliations and unjust punishments which have forced him to file many lawsuits.

3. Plaintiff has been incarcerated for over 28 years now. In 2019, in retaliation for having won another one of his lawsuits, Plaintiff was transferred from New Jersey State Prison to East Jersey State Prison ("EJSP"). There is a current pending lawsuit from Plaintiff regarding said retaliation: *Cordero v. Americh et al.*, Case No. 20-05654. Upon arrival at EJSP, immediately Plaintiff noted that like all other prisons in

this State, a large number of staffs' members at EJSP practice abusing inmates and violate their constitutional rights in many forms. Some of these abuses and constitutional violations consist of but are not limited to verbal abuses, physical assaults, murder, thefts, fabrication of disciplinary charges such as planting or fabricating evidence against inmates, unjustified firing from work assignments, unjustified deprivation of access to the law library, unjustified deprivation of access to the phone and kiosk, destruction of mail and property, fabrication of confidential information against inmates, retaliatory transfers to other prisons within the State, retaliatory transfers to other prisons out of the State, vindictive moves from a single-man cell to a double-men cell, denial and delay of needed medical treatments, denial of medical privacy, violations of inmates religious rights, vindictive delay in acceptance to the STEP college program, tampering with the electronic inquiries and grievances filed by inmates and retaliation against inmates who complain.

4. The abuses and constitutional violations in New Jersey prisons are so rampant that organizations that support prisoners' rights are presently requesting and investigation into the abuses and constitutional violations that are being committed by some staffs members at EJSP.

5. Assistant Administrator Cindy Sweeney (hereinafter

Defendant Sweeney) and mailroom Sergeant Rhonda Mountcastle-Thomas (hereinafter Defendant Thomas) work at EJSP, and both have a history of violating inmates' constitutional rights in many ways, including retaliation. Known to Plaintiff are the facts that in the past Defendant Sweeney has conspired with Defendant Thomas to illegally confiscate religious books from an inmate, and then fired the inmate from his prison job to punish him for filing a lawsuit. And Defendant Thomas has repeatedly confiscated religious books and college materials just to sadistically punish the inmates. She even makes up policies to keep punishing inmates who complain. One time she confiscated a Bible to punish an inmate, and then tried to excuse her illegal action by alleging that the Bible was prohibited for having a map of the Holy Land.

6. Defendant Sweeney is well aware of Defendant Thomas' pattern of injustices and constitutional violations against inmates, but instead of correcting them, Defendant Sweeney acquiesce in Defendant Thomas' violations.

7. Neither the NJDOC nor EJSP have a list of approved venders from which inmates must buy word processor supplies. The only approved list of venders implemented by the NJDOC and EJSP is the list of venders from which inmates must purchase their food packages.

8. The only requirements to purchase word processor supplies are that the inmate let the Administration know, the supplies must come from source of sale, cannot exceed the permitted limit, and must be permissible items.

9. On or about September 10, 2020, Plaintiff requested permission to buy five ink ribbons for his word processor. Defendant Sweeney gave written permission to Plaintiff to purchase the ribbons. Plaintiff bought the five ribbons from source of sale (Walmart), and they arrived at the prison mailroom on September 21, 2020. But the ribbons were confiscated by a mailroom officer under the orders of Defendant Thomas to harass the Plaintiff. They used the false excuses that the ribbons were "not authorized for retention or receipt," and that "Walmart is not an authorized vendor." Plaintiff filed a written appeal to Defendant Sweeney, which was intentionally ignored by Defendant Sweeney. But the Major intervened and ordered Defendant Thomas to give the ink ribbons to Plaintiff.

10. Plaintiff, as well as other inmates, have bought word processor supplies many times from many source of sale places including ebay. In fact, not too long ago, Plaintiff purchased a monitor for his word processor from ebay which he received with no problems.

11. On July 7, 2021, Plaintiff filed an electronic inquiry to the EJSP Administration asking for permission to purchase

twenty floppy disks for his word processor. Floppy disks are a permissible item that can be bought by inmates, but the purchasing order cannot exceed twenty disks and must be shipped to the prison from source of sale.

12. Defendant Sweeney responded that written permission to buy the floppy disks is not necessary, and reminded the Plaintiff that the disks must come from source of sale and cannot exceed the amount of twenty.

13. Plaintiff had his family purchase ten disks from ebay, like he has done in the past. The disks were processed and mailed to the prison through ebay, which is the source of sale. But the disks were confiscated upon arrival at the prison mailroom under the order of Defendant Thomas, allegedly for not being from source of sale, for not being authorized for retention and for not having an invoice. None of these allegations are true, and the purpose of the confiscation was to harass the Plaintiff.

14. Plaintiff filed a written appeal to Defendant Sweeney, but she intentionally ignored Plaintiff's appeal.

15. Plaintiff submitted an electronic inquiry asking why his appeal has not been addressed, and on August 2, 2021 Defendant Sweeney responded requesting additional information. Plaintiff provided the additional information to Defendant Sweeney, and also supplemented his original appeal with invoices

and receipts from ebay regarding the disks. But Defendant Sweeney intentionally ignored Plaintiff appeal with the invoices and receipts, and transferred Plaintiff's inquiry to Defendant Thomas knowing that Plaintiff was trying to correct Defendant Thomas's unlawful actions.

16. Defendant Thomas tried to justify confiscating Plaintiff's disks by claiming that ebay is not an approved source of sale, even though there is no such thing as an approved source of sale vender to buy word processor supplies. She also alleged that Plaintiff needed written permission from the Administration to purchase the disk, even though Defendant Sweeney, who is the Assistant Administrator, told the Plaintiff in writing that he did not need written leave to purchase his disks.

17. On August 10, 2021, Plaintiff filed an electronic grievance appealing Defendant Thomas' answer to his inquiry. Plaintiff argued that he "requested written approval and the Administration answered [him] that no such approval is required," and that "there is NO list of approved source of sale stores/venders from which inmates must buy word processor supplies. If there is, then the inmate population must be given notice of it, and provide a copy of the approved source of sale list."

18. Defendant Sweeney did not address Plaintiff's grievance against Defendant Thomas, and purposely forwarded it to Defendant Thomas. Defendant Thomas first conceded that Plaintiff's grievance was forwarded to her. She then falsely alleged that "all items that are not sold on commissary must be approved in writing from administration or his designee to enter the secured facility," and also mentioned that ebay is not an approved source of sale, and that she will forward the disks to Plaintiff when she receives permission in writing.

19. Plaintiff appealed Defendant Thomas' answer by arguing that it is not fair for Defendant Thomas to answer Plaintiff's grievance against her. By arguing that there is no policy stating that every item not sold in commissary needs approval from the administration for inmates to purchase them. By arguing that there is no policy stating that ebay is not a source of sale. And by arguing that the fact that Defendant Sweeney told the Plaintiff in writing that he did not need written permission to buy the disk, constitutes leave from the Administration for Plaintiff to buy his disks. Plaintiff also requested that Defendant Thomas be directed, in writing as she wants it, to give the disks to the Plaintiff.

20. Plaintiff's grievance appeal was denied, upon information and believe by Defendant Thomas stating that Plaintiff was provided with a proper response and that the

matter is now closed.

21. Thereafter Defendants Sweeney and Thomas stole Plaintiff disks to punish him for filing complaints and to deter him and other inmates from complaining against prison staff members.

22. Plaintiff did not file a grievance concerning Defendants' theft against him because he knows that they would have retaliated against him more severely as they have done against other inmates for years with impunity.

23. Plaintiff did request a paper copy of the inquiries and grievance he filed regarding this issue, and was provided with paper copy of inquiries Ref# EJSP21022623, Ref# EJSP21022897, and grievance Ref# NJSP21023356. But all three paper copies provided to Plaintiff have been tampered with. Among other things, the two inquiries are missing the part written by Plaintiff. And the grievance is missing the response that was given to Plaintiff's grievance appeal. Plaintiff has filed an electronic inquiry requesting a complete and correct paper copy of these documents.

## Claims

24. Plaintiff repeats and incorporates herein by reference each and every allegation in paragraphs 1 through 23 as though fully set forth herein.

25. Defendant Thomas intentional and malicious decision to punish the Plaintiff by stealing his disks for complaining, and to deter him and other inmates from seeking future redress, constitutes a violation of the First Amendment to the United States Constitution.

26. Defendant Sweeney's failure to take steps to protect the Plaintiff from being subjected to theft and retaliation, to punish the Plaintiff and deter him and other inmates from seeking future redress, constitutes participation in violation of the First Amendment to the United States Constitution.

*(Statement of Claim(s), continued):*

7. Relief:

State briefly exactly what you want the court to do for you. *Make no legal arguments. Cite no cases or statutes.*

SEE ATTACHMENT

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

**A.** Issue an injunction ordering the Defendants to:

1. Return the stolen floppy disks to Plaintiff, or reimburse him for them;

2. Refrain from further and future violations of Plaintiff's constitutional rights;

3. Refrain from retaliating (themselves or through others) against the Plaintiff in any manner, shape, or form;

**B.** Order the Defendants to pay punitive and all other damages authorized by law;

**C.** Order the Defendants to pay costs, and reasonable attorney fees if any; and

**D.** Grant such other relief as the Court deems just and proper.

Respectfully submitted,

By: Misael Cordero
Misael Cordero, ***pro se***

Dated: 10 - 10 - 21

Pursuant to 28 *U.S.C.* § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 10 / 10 / 2021

Misael Cordero

8. Do you request a jury or non-jury? (Check only one)

(X) Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 10 th day of October, 20 21.

**Misael Cordero**
(Printed Name of Plaintiff)

Misael Cordero
(Signature of Plaintiff)

*Additional Plaintiff(s):*

______________________
(Printed Name of Plaintiff #2)

______________________
(Signature of Plaintiff #2)

______________________
(Printed Name of Plaintiff #3)

______________________
(Signature of Plaintiff #3)

*NOTE:* Each Plaintiff named in the Complaint must sign the Complaint here. Add additional lines if there is more than one Plaintiff. Remember, each Plaintiff must sign the Complaint.