UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MISEAL CORDERO,<br><br>      Plaintiff,<br><br>  v.<br><br>SGT. RHONDA MOUNTCASTLE-THOMAS, *et al.*,<br><br>      Defendants. | Civil Action No. 21-18741 (JXN)(JBC)<br><br>**OPINION** |

**NEALS**, District Judge

  Before the Court is *pro se* Plaintiff Miseal Cordero's ("Plaintiff") motion for reconsideration of this Court's Memorandum and Order dismissing Plaintiff's civil rights Complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983, as it pertained to Defendant Victoria Kuhn. (ECF No. 16.) The Court previously reviewed Plaintiff's civil rights Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and dismissed without prejudice Plaintiff's supervisory liability claim against Defendant Kuhn for failure to state a claim. (*See* ECF No. 13.) For the reasons stated herein, Plaintiff's motion for reconsideration is **DENIED**.

**I. BACKGROUND**

  On October 10, 2021, Plaintiff, an inmate detained at East Jersey State Prison, in Rahway, New Jersey, filed his initial complaint in this matter. (*See* ECF No. 1.) Plaintiff's initial complaint raised claims under 42 U.S.C. § 1983, First Amendment retaliation against Defendants Sergeant Rhonda Mountcastle-Thomas ("Mountcastle-Thomas") and Assistant Administrator Cindy Sweeney ("Sweeney"). (*See id.*) On March 17, 2022, the Court reviewed Plaintiff's initial complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and proceeded Plaintiff's claims for

First Amendment retaliation against Defendants Mountcastle-Thomas and Sweeney. (*See* ECF No. 4.)

In July 2022, Plaintiff filed the underlying Amended Complaint. (ECF No. 10.) The Amended Complaint again named Defendants Mountcastle-Thomas and Sweeney as defendants and added Defendant Commissioner Victoria Kuhn as a defendant. (*See id.*) In December 2022, the Court filed a Memorandum and Order screening the Amended Complaint. (*See* ECF No. 13.) The Court noted that "Plaintiff's retaliation claims against Defendants Mountcastle-Thomas and Sweeney arise from the Defendants alleged withholding of Plaintiff's word processor materials in retaliation for Plaintiff's filing grievances, inquires, and complaints." (*Id.* at 1-2.) The Court summarized the factual underpinning of Plaintiff's claim against newly named Defendant Kuhn as follows:

> The Amended Complaint alleges that rather than file another grievance concerning Defendant's Mountcastle-Thomas and Sweeney's theft of Plaintiff's floppy disks. Plaintiff filed his initial complaint and sent Defendant Kuhn a copy of the initial complaint and a letter informing her that his word processor materials were stolen in retaliation for his complaining. ([ECF No. 10] at 12.) Plaintiff submits that Defendant Kuhn ignored Plaintiff's "pleadings for help" and participated in the retaliation "by doing nothing and by being deliberate[ly] indifferent even though Defendant Kuhn has a constitutional duty as the [Department of Corrections] [C]ommissioner to protect [] Plaintiff from the unconstitutional violations of her subordinates." (*Id.*)

(ECF No. 13 at 2.) The Court construed the Amended Complaint as again raising First Amendment retaliation claims against Defendants Mountcastle-Thomas and Sweeney, and that Defendant Kuhn is liable as the Commissioner of the Department of Corrections under the theory of supervisor liability. (*Id.*) The Court again proceeded Plaintiff's §1983 First Amendment retaliation claims against Defendants Mountcastle-Thomas and Sweeney and dismissed Plaintiff's supervisor liability claim against Defendant Kuhn at screening due to Plaintiff's failure to state a claim upon which relief can be granted. (*See generally id.*)

In dismissing Plaintiff's claim against Defendant Kuhn, the Court explained that Plaintiff "fail[ed] to allege any facts that Defendant Kuhn was involved in establishing a policy, practice, or custom that caused the alleged retaliation against Plaintiff. Nor does the Amended Complaint allege that Defendant Kuhn participated in the alleged retaliation, directed anyone to violate Plaintiff's rights, or had knowledge of and acquiesced to the retaliation against Plaintiff." (*Id.* at 3.) The Court noted that "[a]lthough Plaintiff alleges that he sent Defendant Kuhn a letter after the alleged retaliation, that is not enough to state a claim that Defendant Kuhn participated in the retaliation." (*Id.*) Based on these reasons, the Court held that the Amended Complaint did not contain sufficient factual matter against Defendant Kuhn and dismissed Plaintiff's supervisor liability claim without prejudice for failure to state a claim. (*See id.*)

In January 2023, Plaintiff filed the instant motion for reconsideration, seeking relief from the Court's Memorandum and Order dismissing without prejudice Plaintiff's supervisor liability claim against Defendant Kuhn. (ECF No. 16.)

## II.     STANDARD OF REVIEW

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). A party seeking reconsideration must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). A party seeking to persuade the court that reconsideration is appropriate bears the

burden of demonstrating one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (internal citation omitted).

### III.  DISCUSSION

Here, Plaintiff has not provided sufficient new information to warrant the Court's reconsideration of its prior Memorandum and Order. In his motion, Plaintiff alleges that Defendant Kuhn had "complete knowledge" that Defendants Mountcastle-Thomas and Sweeney stole Plaintiff's floppy disks in retaliation for Plaintiff complaining but "intentionally and maliciously ignored Plaintiff's pleadings for help, failed to protect him, and instead participated in the retaliation and theft perpetrated by Defendants [Mountcastle-]Thomas and Sweeney." (ECF No.16 at 2.) The Court notes that these allegations essentially reiterate the allegations raised in the Amended Complaint. (*See* ECF No. 10 at 12.) Plaintiff attaches to his motion for reconsideration a letter that he alleges he submitted to Defendant Kuhn regarding the confiscation of his floppy disks. (ECF No. 16 at 4-5.) The Court construes the submission of the letter as Plaintiff seeking reconsideration based on "new evidence." As explained above, Plaintiff stated in the Amended Complaint that he sent Defendant Kuhn a letter after the alleged retaliation. (ECF No. 10 at 12.) The letter provided here is repetitive of information already alleged in the Amended Complaint and not new evidence. Additionally, the letter is dated October 31, 2021, which is three weeks after Plaintiff's initial complaint was filed with this Court on October 10, 2021. (*See* ECF Nos. 1 and 16.) As such, the letter does not provide sufficient factual support for Plaintiff's allegation that

Defendant Kuhn had "complete knowledge" of Defendant's Mountcastle-Thomas and Sweeney's actions.

The Court dismissed Plaintiff's claim against Defendant Kuhn based on Plaintiff's failure to state a supervisor liability claim. Plaintiff has neither presented an intervening change in law regarding supervisor liability nor provided the Court with newly discovered evidence regarding his supervisor liability claims against Defendant Kuhn. Accordingly, Plaintiff has not shown any basis for an award of the "extraordinary remedy" of reconsideration. *See Buzz Bee Toys*, 20 F. Supp. 3d at 515. Plaintiff's motion for reconsideration of the dismissal of his claim against Defendant Kuhn is denied.

### IV.   CONCLUSION

For the reasons set forth above, Plaintiff's motion for reconsideration (ECF No. 16) is **DENIED**. Considering Petitioner's *pro se* status, the Court shall give Petitioner an additional thirty (30) days to file a second amended complaint to cure the deficiencies discussed in the Court's Memorandum and Order dated December 19, 2022 (ECF No. 13). An appropriate Order follows.

DATED: July 31, 2023

/s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge