UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MISAEL CORDERO,

                   Plaintiff,

      v.

SGT. RHONDA MOUTCASTLE-THOMAS
and CINDY SWEENEY,

                   Defendants.

Civil Action No. 21-18741 (JXN) (JBC)

**OPINION**

**NEALS**, District Judge

      Before the Court is the motion for summary judgment filed by Defendants Rhonda Mountcastle-Thomas ("Mountcastle-Thomas") and Cindy Sweeney ("Sweeney") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 56. (ECF No. 61.) *Pro se* Plaintiff Misael Cordero ("Plaintiff"), a prisoner currently incarcerated at East Jersey State Prison ("EJSP") in Rahway, New Jersey, opposed the motion (ECF No. 62); and Defendants replied in further support (ECF No. 63). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' motion for summary judgment is **GRANTED**.

    **I.**    **BACKGROUND AND PROCEDURAL HISTORY**[1]

      Plaintiff's civil rights action arises from the Defendants' alleged retaliatory confiscation of items that were mailed to Plaintiff. The Amended Complaint (ECF No. 10) alleges that Defendant

---

[1] The Court addresses only the facts relevant to the Defendants at issue in the instant motion for summary judgment.

Mountcastle-Thomas, the Mailroom Sergeant at EJSP, and Defendant Sweeney, the Associate Administrator at EJSP, retaliated against Plaintiff for filing grievances. (ECF No. 61 at 42-47, Defendants' Statement of Material Facts ("DSOMF") ¶¶ 3, 4, 5.)

On July 7, 2021, Plaintiff submitted an inquiry on JPay requesting administrative approval to purchase fifteen floppy disks. (DSOMF ¶ 6.) On July 8, 2021, Defendant Sweeney responded, informing Plaintiff that permission was not required to purchase the floppy disks, so long as Plaintiff was on the approved word processor list, ordered approved items only, and stayed within the property limits. (*Id.* ¶ 7.) On July 12, 2021, Plaintiff's brother purchased a 10-pack of floppy disks shipped directly to Plaintiff as EJSP. (*Id.* ¶ 8.) That package was delivered to EJSP on July 14, 2021. (*Id.* ¶ 9.)

On July 14, 2021, Plaintiff received and acknowledged an EJSP Inmate's Package Invoice and Contraband Receipt, rejection number 2029, explaining that the floppy disks were seized due to not being from "source of sale" and not being "authorized for retention" based on not having an invoice. (*Id.* ¶ 10.) On August 2, 2021, Plaintiff filed a JPay inquiry, indicating that he had appealed the confiscation of the floppy disks two weeks prior, and had not received a response. (*Id.* ¶ 11.) Defendant Sweeney responded that there was no record on Plaintiff's appeal and asked that he resubmit his appeal with more information. (*Id.* ¶ 12.)

Plaintiff submitted a follow-up inquiry via JPay, explaining that the floppy disks were confiscated because the package lacked a receipt. (*Id.* ¶ 13.) Defendant Mountcastle-Thomas responded to the inquiry, informing Plaintiff that the disks came from eBay, which is not an approved "source of sale," and Plaintiff would need written permission from the administration to purchase the disks. (*Id.* ¶ 14.) On August 10, 2021, Plaintiff submitted a grievance on JPay,

2

explaining that the administration had told him that written approval was not required and that there is no list of approved source of sale stores. (*Id.* ¶ 15.)

On August 25, 2021, Defendant Mountcastle-Thomas responded that all items not sold in the commissary require administrative approval and that eBay was not an approved source of sale because eBay sells third-party merchandise. (*Id.* ¶ 16.) Plaintiff responded, questioning the need for administrative approval, as Defendant Sweeney had previously informed him that no permission was required. (*Id.* ¶ 17.) Plaintiff also argued that there is no policy stating that every item not sold in the commissary requires approval, and that there is no policy stating that eBay is not a source of sale. (ECF No. 62 at 2-4, Plaintiff's Responsive Statement of Material Facts ("PRSOMF") ¶ 17.) Robert Chetirkin responded to Plaintiff's appeal, informing him that Defendant Mountcastle-Thomas provided Plaintiff with an appropriate response, and the matter was closed. (DSOMF ¶ 18; PRSOMF ¶ 18.)

Plaintiff did not file any further grievances or appeals regarding this matter. (DSOMF ¶ 19.) Plaintiff submits that he was deterred from seeking further resolution due to Defendants' "and the whole prison staff['s] . . . history and reputation of subjecting prisoners to many unconstitutional and violent abuses with impunity." (PRSOMF ¶ 19.)

Defendants submit that the EJSP Inmate Manual states that once an inmate receives notice from the Mail Room that his property has been seized, he has 60 days to notify the Mail Room Sergeant of "what you wish done with your property." (DSOMF ¶ 20.) Plaintiff submits that the Inmate Manual referenced by Defendants is from 2023, and not 2021. (PRSOMF ¶ 20.) Plaintiff claims that after the Mail Room seizes a prisoner's property, the Mail Room Sergeant has up to "60 days to call the prisoner to the mailroom, have him sign a S-25/B Form and choose the option to either send the floppy disks home, donate them, or have them destroyed." (*Id.*) Plaintiff was not

called to the Mail Room and did not notify Defendant Mountcastle-Thomas of what he wanted done with the property. (DSOMF ¶ 21.) Plaintiff alleges that instead of calling Plaintiff to the Mail Room, Defendants "stole Plaintiff's disks to punish him for filing grievances and to deter him and other prisoners from complaining against prison staff members." (PRSOMF ¶ 21.)

Plaintiff initiated this action on October 15, 2021. (ECF No. 1.) In his initial complaint, Plaintiff raised First Amendment retaliation claims against Defendants, arising from the Defendants' withholding of Plaintiff's floppy disks in retaliation for Plaintiff's filing of grievances. (*See generally id.*) The Court screened Plaintiff's initial complaint pursuant to 28 U.S.C. 1915(e)(2)(B) and allowed Plaintiff to proceed on his First Amendment retaliation claims against Defendants. (*See* ECF No. 4.) On July 27, 2022, Plaintiff filed the operative Amended Complaint, reasserting his First Amendment retaliation claims against Defendants and raising a supervisory liability claim against Victoria Kuhn. (*See* ECF No. 10*.*) On December 19, 2022, the Court again proceeded with Plaintiff's First Amendment claims against Defendants and dismissed without prejudice Plaintiff's claims against Victoria Kuhn. (*See* ECF No. 13.)

Defendants have moved for summary judgment, arguing that (1) Plaintiff has failed to exhaust his administrative remedies before filing the First Amendment retaliation claims regarding the theft of his floppy disks; (2) there is insufficient evidence to support Plaintiff's retaliation claims; (3) Defendants are entitled to qualified immunity; (4) Plaintiff's claims against Defendants in their official capacity must be dismissed as they are not "persons" amendable to suit under 42 U.S.C. § 1983; and (5) Plaintiff's claims against Defendants in their official capacity are barred by the Eleventh Amendment. (*See* ECF No. 61.) Plaintiff opposed the motion (ECF No. 62), and Defendants replied (ECF No. 63). This matter is now ripe for consideration.

4

### III. LEGAL STANDARD

Summary judgment is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party[;]" and "is material only if it might affect the outcome of the suit under governing law." *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citation omitted). The moving party bears the "initial responsibility" of demonstrating the "absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The nonmoving party "must [then] counter with specific facts which demonstrate that there exists a genuine issue for trial." *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996) (citation omitted).

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence. . . ." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citation omitted). Rather, "[a]ll facts and inferences are construed in the light most favorable to the non-moving party." *Boyle v. Cnty. of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (citation omitted). And credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). Thus, the court's role is "to determine whether there is a genuine [dispute] for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

### IV. DISCUSSION

#### A. Failure to State Claim

Plaintiff alleges that Defendants confiscated his floppy disks and refused to return them in retaliation for Plaintiff's filing of grievances. Defendants contend Plaintiff's First Amendment retaliation claims against them must be dismissed as Plaintiff has failed to show that he was

5

retaliated against under 42 U.S.C. § 1983. (*See* ECF No. 61 at 26-30.) Defendants argue that Plaintiff has not established that he was subjected to an adverse action, nor has he shown that a constitutionally protected activity was a substantial or motivating factor in any adverse action. (*See id.*)

To survive summary judgment on a First Amendment retaliation claim, the plaintiff must show (1) that he engaged in constitutionally protected conduct; (2) he suffered an adverse action at the hands of the defendants; and (3) his constitutionally protected conduct was a substantial or motivating factor in the adverse action by the defendants. *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016) (citing *Rauser v. Horn*, 241 F.3d 330 (3d Cir. 2001)). Filing prison grievances is constitutionally protected conduct for purposes of a retaliation claim. *Id.* "An adverse action is one 'sufficient to deter a person of ordinary firmness from exercising his First Amendment rights.'" *Id.* at 422, n.6 (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)) (internal quotation marks omitted). The third element can be established by allegations "of (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Id.* at 424 (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Rauser*, 241 F.3d at 334.)) There is "no bright line rule" limiting the time that may pass between protected speech and illegal retaliation. *Conard v. Pennsylvania State Police*, 902 F.3d 178, 183 (3d Cir. 2018); *see also Rink v. Ne. Educ. Intermediate Unit* 19, 717 F. App'x 126, 134 (3d Cir. 2017) (noting that temporal proximity inference is usually in the order of days or weeks). "Where the temporal proximity is not so close as to be 'unduly suggestive,' the appropriate test is 'timing plus other evidence.'" *Watson*, 834 F.3d at 424 (quoting *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000)). "[C]ausation, like any other fact, can be established from the evidence gleaned from the

6

record as a whole." *Id.* If the plaintiff meets these requirements, then the burden shifts to the defendant to prove by a preponderance of the evidence that he or she would have taken the same adverse action even if the plaintiff had not engaged in the protected activity. *Rauser*, 241 F.3d at 333. If the prison officials can make this showing, it defeats the retaliation claim. *See Carter v. McGrady*, 292 F.3d 152, 159 (3d Cir. 2002).

Plaintiff claims that Defendants retaliated against him by confiscating and later stealing his floppy disks. (*See generally* ECF No. 10.) Plaintiff alleges that the "record shows that [he] was filing grievances and complaining about the illegal and retaliatory confiscation of his floppy disks," and that he "suffered a complete deprivation of his property for complaining about a harassing confiscation and then suffered a theft for seeking redress." (ECF No. 62 at 32-33.)

1. ***Initial Confiscation of the Floppy Disks***

Plaintiff claims that Defendants' initial confiscation of the floppy disks was retaliatory. (*See generally* ECF No. 10.) Defendants argue that Plaintiff has failed to show that his constitutionally protected actions were a motivating factor behind the initial confiscation of the floppy disks. (ECF No. 61 at 29.) The Court agrees.

On July 14, 2021, Defendant Mountcastle-Thomas informed Plaintiff that his floppy disks were confiscated because they were not from "source of sale" and were not "authorized for retention" based on not having an invoice. (DSOMF ¶ 10.) Plaintiff fails to point to evidence of record to show that he was participating in a constitutionally protected activity prior to the initial confiscation of his floppy disks. Plaintiff did not initiate the inquiry and grievance process regarding the floppy disks until after the initial confiscation. Plaintiff's protected activity of filing grievances did not take place until after the initial confiscation of the disks.

7

Plaintiff makes a conclusory declaration that he has suffered "many forms of retaliation" because he has "dedicated [his] incarcerated life to fight abuses, constitutional violations, and injustices perpetrated by [Department of Correction's] staff" against himself and other inmates. (ECF No. 62 at 43.) However, Plaintiff fails to provide any specific facts regarding how he fought these "abuses." Plaintiff also provides no evidence and makes no argument that his actions of fighting "injustices" were motivating factors behind Defendant Mountcastle-Thomas's decision to confiscate the floppy disks.

Additionally, Plaintiff submits that in March 2020, he wanted to purchase ink ribbons for his word processor, and Defendant Mountcastle-Thomas attempted to prevent the purchase. (ECF No. 62 at 44.) Plaintiff appealed and was ultimately permitted to purchase the ink ribbons, which Defendant Mountcastle-Thomas then confiscated in retaliation for Plaintiff's appeal of the initial denial of the purchase. (*Id.* at 44-45.) Plaintiff again appealed and was given the ink ribbons. (*Id.* at 45.) Plaintiff cannot show that Plaintiff's appeal of Defendant Mountcastle-Thomas's decision in March 2020 was the motivating factor behind the Defendant's decision sixteen months later to confiscate the floppy disks in July 2021. *See DeFranco v. Wolfe*, 387 F. App'x 147 (3d Cir. 2010) (two months temporal proximity insufficient to suggest causation). Further, Plaintiff has not shown that he engaged in constitutionally protected conduct, nor that such conduct was a substantial or motivating factor in the initial decision to confiscate the floppy disks. *See Watson*, 834 F.3d at 422. Accordingly, Plaintiff has not provided sufficient evidence to support a retaliation claim against Defendants regarding the initial confiscation of the floppy disks.

### 2. *Permanent Confiscation of the Floppy Disks*

Defendants submit that they are entitled to summary judgment, as Plaintiff failed to adduce evidence that his constitutionally protected activity of filing grievances and appeals regarding the

8

confiscation of his floppy disks was a substantial and motivating factor in Defendants taking the adverse action of not returning the disks. (ECF No. 61 at 27-30; ECF No. 63 at 7-11.) Defendants also argue that Plaintiff has not shown that the decision to confiscate Plaintiff's disks was an adverse action. (ECF No. 61 at 27-30.) The Court agrees that Plaintiff has failed to produce evidence that his grieving over the confiscation of his disks was a substantial and motivating factor in Defendants' decision to confiscate them.

Plaintiff claims that Defendants retaliated against him by "stealing" the floppy disks that were confiscated because he grieved the confiscation. (ECF No. 62 at 32-33.) Filing a prison grievance is constitutionally protected conduct. *See, e.g.*, *Mack v. Warden* Loretto, FCI, 839 F.3d 286, 298 (3d Cir. 2016) (holding prisoner's grievance made for the purpose of seeking redress was constitutionally protected conduct). The Court assumes arguendo that the permanent confiscation of the floppy disks is a sufficient adverse action for a retaliation claim. Finally, the timing of the "stealing" of the disks and his filing of grievances and appeals suggests a sufficient temporal connection between the protected conduct and the adverse action.

However, as stated above, if the prisoner establishes a prima facie case of retaliation, as is the case here, the burden then shifts to prison officials to show by a preponderance of the evidence that "they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." *Rauser*, 241 F.3d at 334. Defendants argue that the alleged "theft" of the floppy disks was the result of an EJSP policy, and there was no causal connection between Plaintiff's filing of grievances and the final confiscation of the disks. (ECF No. 61 at 30; ECF No. 63 at 9-11.) Defendants submit that the EJSP Inmate Manual "is clear" that "once an inmate receives notice from the Mail Room that their property has been seized, they have 60 days to notify the Mail Room Sergeant what they wish done with their property." (ECF No. 61

9

at 30.) Defendants have provided the Court with a copy of the EJSP Inmate Handbook, which states the following:

> Once you receive the notice from the Mail Room that the property has been seized, you will have 60 days to notify the Mail Room Sergeant what you wish done with your property. Your property can be disposed of in three (3) ways:
>
> 1. It can be mailed to a relative or friend
>
> 2. It can be donated (in some cases)
>
> 3. It can be destroyed
>
> In the event that you elect to send it out of the Institution to a relative or friend, be sure to submit a remit for the postage. Leave the amount open and the Mailroom Sergeant will fill in the amount.

(ECF No. 61-1 at 232-233.) Defendants provide evidence that Plaintiff was informed of the confiscation on July 14, 2021, and submit that Plaintiff admitted he failed to inform the Mail Room Sergeant what he wished to have done with his property; instead, he waited "for them to call [him] down so that [he could] send the floppy disks home." (DSOMF ¶ 10, citing ECF No. 61-1 at 125; DSOMF ¶¶ 18-19, citing ECF No. 61-1 at 25-26.)

Plaintiff argues that he was not required to "take the initiative" to inform Defendants what he wanted done with the disks. Rather, Plaintiff claims that the practice is that he should have received a written "final notice" via an S-25/B Form, and Defendant Mountcastle-Thomas was supposed to have Plaintiff tell her what he wanted done with the property and have Plaintiff sign the form. (ECF No. 62 at 36.) Plaintiff does submit an S-25/B form, which provides a final notice for non-permissible property in storage. (*See id.* at 88.) However, the S-25/B form Plaintiff submits to support his position is from New Jersey State Prison, not EJSP, and is dated April 20, 2015, over six years before the incident at issue here. (*See id.*) Plaintiff has not provided evidence that the EJSP Inmate Handbook required Defendants to provide Plaintiff with a s-25/B form.

Defendants have provided evidence of record to show that an EJSP policy provided Plaintiff with 60 days after he was informed of the confiscation of his floppy disks to notify Defendant Mountcastle-Thomas what he wanted done with this property. Plaintiff acknowledges that he did not follow that policy. Defendants have supported their position that they followed an EJSP Inmate Handbook policy, and their final actions were not based on Plaintiff's filing of grievances. Therefore, Defendants are entitled to summary judgment as to Plaintiff's claims.[2]

I.  **CONCLUSION**

For the reasons set forth above, Defendants' motion for summary judgment (ECF No. 61) is **GRANTED**. Plaintiff's Amended Complaint (ECF No. 10) is **DISMISSED** *with prejudice*. An appropriate Order accompanies this Opinion.

**DATED**: October 24, 2025

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge

---

[2] As the Court is granting summary judgment and dismissing the entirety of the Amended Complaint, the Court need not address Defendants' remaining arguments in support of their motion.